UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STACY MALLER,

                Plaintiff,

v.                                                   1:14-CV-0270
                                                  (GTS/CFH)

RITE AID CORP.; and
RITE AID OF NEW YORK, INC.,

                Defendants.
_____

APPEARANCES:                                       OF COUNSEL:

STACY MALLER
  Plaintiff, *Pro Se*
4 Bluestone Ridge
Clifton Park, NY 12065

McCABE, COLLINS, McGEOUGH,                 TAMARA M. HARBOLD, ESQ.
FOWLER, LEVINE & NOGAN LLP
  Counsel for Defendants
346 Westbury Avenue
P.O. Box 9000
Carle Place, NY 11514
Albany, NY 12205

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this products liability and negligence action filed *pro se* by

Stacy Maller ("Plaintiff") against Rite Aid Corporation and Rite Aid of New York, Inc.

(collectively, "Defendants"), is Defendants' motion to dismiss Plaintiff's Amended Complaint

for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) or, in the alternative,

for failure to comply a Court Order directing her to respond to certain of Defendants' discovery

demands pursuant to Fed. R. Civ. P. 16(f) and/or 41(b). (Dkt. No. 57.) For the reasons set forth below, Defendants' motion is denied and the action is nonetheless remanded to New York State Supreme Court, Saratoga County.

## I. RELEVANT BACKGROUND

### A. Procedural History

On or about November 1, 2013, Plaintiff commenced this action in New York State Supreme Court, Saratoga County. The case was removed by then-Defendants Ortho-McNeil-Janssen Pharmaceutical, Inc., Johnson & Johnson, and Johnson & Johnson Pharmaceutical Research and Development, LLC, on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). (Dkt. No. 1 [Notice of Removal].) On July 23, 2014, Plaintiff stipulated to discontinue the action as to the three aforementioned Defendants as well as Defendant McKesson Corporation, leaving Rite Aid Corporation as the only remaining Defendant. (Dkt. No. 26.) On March 31, 2015, Plaintiff filed a motion for leave to file an Amended Complaint, proposing to add Rite Aid of New York, Inc. ("Rite Aid New York") as a Defendant. (Dkt. No. 48.) Rite Aid Corporation did not oppose Plaintiff's motion and filed an Amended Answer. (Dkt. No. 49.) On April 16, 2015, Magistrate Judge Christian F. Hummel granted Plaintiff's motion to amend and ordered that Plaintiff's proposed Amended Complaint (which was signed and was attached to her motion to amend) "shall serve as the operative pleading in this matter." (Dkt. No. 54.)

Because this Decision and Order is intended primarily for the review of the parties, the Court will not recite in detail the procedural history of this case, with which the parties are familiar.

### B. Plaintiff's Amended Complaint

Generally, construed liberally, Plaintiff's Amended Complaint alleges that Defendants' sold and dispensed to Plaintiff, without proper warnings, a defectively designed drug, Levaquin, to treat a minor infection, and that Plaintiff took the drug as directed and "became sick, sore, lame and disabled and suffered serious physical, psychological, emotional, and economic injury." (Dkt. No. 48, Attach. 2, at ¶¶ 16-17 [Plf.'s Am. Compl.].) Because (again) this Decision and Order is intended primarily for the review of the parties, the Court will not recite in detail the remaining factual allegations of Plaintiff's Amended Complaint; rather, the Court refers the reader to the Amended Complaint in its entirety. (*Id.*)

Based on these factual allegations, construed liberally, Plaintiff's Amended Complaint asserts five claims under New York State law: (1) a claim that Levaquin was defectively designed; (2) a claim that Levaquin was dispensed to her without adequate warnings regarding the medical risks attendant to its use; (3) a claim that Defendants breached an implied warranty that Levaquin was reasonably fit for the ordinary purposes for which it was intended; (4) a claim that a pharmacist working at the Rite Aid pharmacy was negligent in that the pharmacist dispensed Levaquin to Plaintiff without the "Black Box" warning and "Patients Medication Guide" mandated by the Food and Drug Administration, and despite the fact that Plaintiff's physician had prescribed her Cipro, a drug that Plaintiff had previously taken with no ill effects; and (5) a claim that Defendants were negligent *per se* because, among other things, they (a) failed to comply with state and federal regulations related to providing warnings and information about the use of Levaquin, (b) prescribed Plaintiff Levaquin to treat a "possible urinary tract infection," despite the fact that Levaquin is "too risky to use for minor infections," (c) failed to

3

discover that they had previously dispensed Vicodin to Plaintiff to treat a joint disorder and that Levaquin was therefore contraindicated, and (d) failed to warn Plaintiff's fiancé–who picked up the medication at the pharmacy–about the risks and side effects of Levaquin. (*See generally* Dkt. No. 48, Attach. 2 [Plf.'s Am. Compl.].)

### C. Parties' Briefing on Defendants' Motion to Dismiss

#### 1. Defendants' Memorandum of Law

Generally, in support of their motion to dismiss, Defendants assert two arguments: (1) Plaintiff's Amended Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because both Plaintiff and Defendant Rite Aid New York reside in New York State, and, as a result, complete diversity of the parties under 28 U.S.C § 1332(c) no longer exists; and (2) in the alternative, Plaintiff's Amended Complaint should be dismissed due to her failure to provide Defendants with discovery, specifically, her failure to provide adequate responses to three of Defendants' interrogatories and to their demand for production of documents. (Dkt. No. 57, Attach. 7, at 2-7 [Defs.' Memo. of Law].)[1]

#### 2. Plaintiff's Opposition Memorandum of Law

Generally, construed liberally, in Plaintiff's response to Defendants' motion, she asserts three arguments: (1) Defendants have not established that the Court lacks subject-matter jurisdiction over the action because the document adduced in support of their motion–a "purported printout" from the New York Department of State, Division of Corporations'

---

[1] Attached to Defendants' motion papers is, *inter alia*, a printout from the website of the New York State Department of State, Division of Corporations, reflecting that Rite Aid of New York, Inc., is an active domestic business corporation, and has held that status since 1972. (Dkt. No. 57, Attach. 4.)

4

website–was not properly authenticated or certified; (2) to the extent that this Court is no longer a proper form for the action, the action should be remanded to state court pursuant to 28 U.S.C. § 1447, rather than dismissed pursuant to Fed. R. Civ. P. 12(b)(1); and (3) dismissal of the Amended Complaint due to Plaintiff's alleged failure to provide discovery should be denied because (a) Defendants' counsel previously consented to an extension of time for Plaintiff to provide discovery responses, (b) Plaintiff's delay in responding is excusable in light of her medical condition and her status as a *pro se* litigant, and (c) Defendants also have not responded to Plaintiff's first set of interrogatories.  (Dkt. No. 61 at 1-5 [Plf.'s Opp'n Memo. of Law].)

### 3. Defendants' Reply Memorandum of Law

Generally, in their reply, Defendants assert three arguments: (1) any argument by Plaintiff that Rite Aid New York is not a domestic business corporation doing business in New York "lacks any factual or legal justification and is a specious argument . . . to prolong this Court's decision to dismiss" Plaintiff's case; (2) dismissal, and "not remand," is the appropriate remedy for lack of diversity jurisdiction under 28 U.S.C. § 1332; and (3) any reference to Defendants' failure to satisfy their discovery obligations "is nothing more than a red herring" and should be "revisited" after disposition of Defendants' motion to dismiss.  (Dkt. No. 62 at 2-5 [Defs.' Reply Memo. of Law].)[2]

---

[2] The Court notes that Defendants' reply papers consist of, in actuality, an affirmation containing, *inter alia*, legal citations.  (Dkt. No. 62.)  Defense counsel is respectfully reminded that such hybrid documents are impermissible in this District.  *See* N.D.N.Y. L.R. 7.1(a)(2) ("An affidavit must not contain legal arguments but must contain factual and procedural background that is relevant to the motion the affidavit supports."); *accord*, *Duttweiller v. Eagle Janitorial, Inc.*, 05-CV-0886, 2009 WL 5171834, at *3 (N.D.N.Y. Dec. 22, 2009) (Suddaby, J.) (striking affidavit of counsel because [1] it was not based on personal knowledge of events giving rise to action and [2] it contained legal argument); *Duttweiller v. Eagle Janitorial, Inc.*, 05-CV-0886, 2009 WL 1606351, at *2-3 (N.D.N.Y. June 4, 2009)

## II.     RELEVANT LEGAL STANDARD

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Generally, a claim may be properly dismissed for lack of subject-matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it. *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). A district court may look to evidence outside of the pleadings when resolving a motion to dismiss for lack of subject-matter jurisdiction. *Makarova*, 201 F.3d at 113. The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence. *Id.* (citing *Malik v. Meissner*, 82 F.3d 560, 562 [2d Cir. 1996]). When a court evaluates a motion to dismiss for lack of subject-matter jurisdiction, all ambiguities must be resolved and inferences drawn in favor of the plaintiff. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Makarova*, 201 F.3d at 113).

"The diversity statute confers original jurisdiction on the federal district courts with respect to 'all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States.'" *Scherer v. Equitable Life Assurance Soc'y*, 347 F.3d 394, 397 (2d Cir. 2003) (quoting 28 U.S.C. § 1332[a][1]).[3] The statute requires

---

(Suddaby, J.); *Road Dawgs Motorcycle Club of the U.S ., Inc. v. 'Cuse Road Dawgs, Inc.*, 679 F. Supp. 2d 259, 281-82 & n. 54 (N.D.N.Y.2009) (Suddaby, J.). Although the Court will overlook this violation of the Court's Local Rules in the interest of judicial economy, defense counsel is respectfully reminded that legal arguments in support of a motion must be set forth in a memorandum of law in accordance with Local Rule 7.1(a)(1).

[3]     For the purposes of the diversity statute, a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1); *accord, Universal Licensing Corp. v. Paola del Lungo, S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002).

complete diversity among the parties; that is, all plaintiffs must be citizens of states diverse from those of all defendants. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005); *accord, e.g., Cushing v. Moore*, 970 F.2d 1103, 1106 (2d Cir. 1992). Once a case has been removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. 1447(c). Moreover, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court." 28 U.S.C. § 1447(e).

### III. ANALYSIS

#### A. Whether the Court's Subject-Matter Jurisdiction Over Plaintiff's Amended Complaint Has Been Destroyed by the Joinder of Rite Aid New York

After carefully considering the matter, the Court answers this question in the affirmative for the reasons set forth in Defendants' memorandum of law. *See*, *supra*, Part I.C.1 of this Decision and Order. To those reasons, the Court adds one point.

Plaintiff is correct that the printout from the New York State Department of State's website adduced by Defendants, which indicates that Rite Aid New York is a New York corporation, has not been certified. (Dkt. No. 61 at 2-3 [Plf.'s Opp'n Memo. of Law].) However, the Court may take judicial notice of Rite Aid New York's status as a business incorporated in New York based upon documents filed with the New York State Department of State. *See, e.g., Haru Holding Corp. v. Haru Hana Sushi, Inc.*, 13-CV-7705, 2016 WL 1070849, at *2 (S.D.N.Y. Mar. 15, 2016) ("The Court takes judicial notice [pursuant to Fed. R. Evid. 201] of the public Entity Information provided by the New York State Department of State, Division of Corporations Corporate and Business Entity Database showing that [defendant corporation] is an

7

inactive entity as of January 25, 2016.") (footnote omitted); *Boyce v. Cycle Spectrum, Inc.*, 14-CV-1163, 2015 WL 8273463, at *9 (E.D.N.Y. Dec. 8, 2015) ("The court takes judicial notice of the records of the New York Secretary of State."); *see generally Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (noting that the courts may take "judicial notice of relevant matters of public record"); *Marino v. Bank of Am. Home Loans*, 11-CV-0241, 2013 WL 715611, at *4 (D. Vt. Feb. 27, 2013) ("It has been held that records made available through a state-run website may be judicially noticed under Rule 201 [of the Federal Rules of Evidence].") (citing, *inter alia*, *Desclafani v. Pave–Mark Corp.*, 07-CV-4639, 2008 WL 3914881, at *6 [S.D.N.Y. Aug. 22, 2008] [taking judicial notice of the contents of records filed with the Florida Department of State, Division of Corporations, retrieved from that agency's website]). The Court notes that Plaintiff has adduced no evidence suggesting that the record submitted by Defendants was fabricated. Accordingly, the Court takes judicial notice of the documents on file with the New York State Department of State, Division of Corporations, which demonstrate that Rite Aid New York is a New York corporation.

For all of these reasons, the Court concludes that complete diversity has been destroyed and that, as a result, the Court no longer has subject-matter jurisdiction over this action.

### B. Whether Plaintiff's Amended Complaint Should Be Dismissed For Lack of Subject-Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) Instead of Remanded

After carefully considering the matter, the Court answers this question in the negative for the reasons stated in Plaintiff's opposition memorandum of law. (Dkt. No. 61 at 1-2 [Plf.'s. Opp'n Memo. of Law].) *See*, *supra*, Part I.C.2 of this Decision and Order. To those reasons, the Court adds two points.

First, although Plaintiff has not cross-moved to remand the case to state court, "a challenge to subject matter jurisdiction cannot be waived" and, "[w]here jurisdiction is lacking, . . . . dismissal is mandatory[.]" *Mehlenbacher v. Azko Nobel Salt, Inc.*, 216 F.3d 291, 295 (2d Cir. 2000); *accord,* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded.*") (emphasis added). The Court has the power to (and, under the circumstances present here, must) remand the case *sua sponte* because complete diversity–the basis upon which the case was removed–has been destroyed.[4] *See Santamaria v. Krupa*, 15-CV-6259, 2015 WL 6760140, at *2 (E.D.N.Y. Nov. 5, 2015) ("[S]*ua sponte* remand is proper at any time if the district court finds that it does not possess subject matter jurisdiction.") (citing *Mitskovski v. Buffalo and Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 133-34 [2d Cir. 2006]); *Walker v. Rogers*, 15-CV-7376, 2016 WL 236223, at *1 (E.D.N.Y. Jan. 19, 2016).

Second, the sole case cited by Defendants in support of their argument that dismissal pursuant to Fed. R. Civ. P. 12(b)(1) is required is inapposite. (Dkt. No. 62 at 4 [Defs.' Reply Memo. of Law] [citing *Pennsylvania Pub. Sch. Emp. Ret. Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111 (2d Cir. 2014)].) In that case (which was not commenced in state court), the

---

    4       The Court notes that 28 U.S.C. § 1447(e) is not to the contrary. When a party "seeks to join additional defendants whose joinder would destroy subject matter jurisdiction," a district court has the discretion to "deny joinder, *or* permit joinder *and* remand the action to the State court." 28 U.S.C. § 1447(e) (emphasis added). In this case, the Court permitted joinder of the diversity-destroying party (that is, Rite Aid New York) when it granted Plaintiff leave to file her Amended Complaint. As a result, remand is mandated by the statute. *See, e.g., Cooper v. Trustees of College of Holy Cross*, 13-CV-8064, 2014 WL 2738545, at *12 (S.D.N.Y. June 17, 2014) (granting plaintiff's motion to amend her complaint, and noting that, when an amended complaint "joining at least one individual Trustee who is a citizen of New York is filed," the action will be removed to state court "because at that time the Court will no longer have subject matter jurisdiction.")

9

Second Circuit held that the district court properly dismissed a nondiverse plaintiff's claim in order "to *preserve* [the court's] subject matter jurisdiction" because that party's presence would destroy complete diversity. *Pennsylvania Pub. Sch. Emp. Ret. Sys.*, 772 F.3d at 115, 117 (emphasis added). Neither the proper procedure following removal nor the appropriateness of dismissal of the case as a whole was implicated.

Accordingly, for all of these reasons, this action is remanded to New York State Supreme Court, Saratoga County.

### C. Whether Plaintiff's Amended Complaint Should Be Dismissed Due to Plaintiff's Failure to Comply with Defendants' Discovery Demands

After carefully considering this matter, the Court answers this question in the negative for the reasons stated in Plaintiff's opposition memorandum of law. *See*, *supra*, Part I.C.2 of this Decision and Order. To those reasons, the Court adds the following analysis.

Defendants have not shown cause for the relief requested in this portion of their motion. Setting aside the fact that Defendants do not specify the rule on which they base their request (as required by Local Rule 7.1[a][1] of the Local Rules of Practice for this Court), the Order on which they rely is more akin to a Scheduling Order than an Order compelling a response to a specific interrogatory. In any event, the Court has weighed the five factors set forth in *Hevner v. Village E. Towers, Inc.*, 293 F. App'x 56, 58 (2d Cir. 2008) (summary order), and finds that they do not weigh in favor of dismissal.

In the alternative, the Court finds that, because remand is appropriate due to the Court's lack of subject-matter jurisdiction, the Court has no authority to reach this issue. "[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties

(personal jurisdiction)." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007). "Without jurisdiction the court cannot proceed at all in any cause; it may not assume jurisdiction for the purpose of deciding the merits of the case." *Id.* at 431; *accord, e.g., Lo v. St. George's Univ.*, 14-CV-3577, 2014 WL 6673849, at *4 (E.D.N.Y. Nov. 24, 2014); *see also Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999) (concluding that, "where a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice" as a "procedural sanction" because such an order "has the effect of a final adjudication on the merits favorable to [the] defendant") (citation and internal quotation marks omitted); Fed. R. Civ. P. 41(b) (providing that, unless the court states otherwise, "a dismissal" ordered as a procedural sanction "operates as an adjudication upon the merits").

**ACCORDINGLY,** it is

**ORDERED** that Defendants' motion to dismiss Plaintiff's Amended Complaint for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) (Dkt. No. 57) is **DENIED**; and it is further

**ORDERED** that, pursuant to 28 U.S.C. §1447(c) and 28 U.S.C. § 1447(e), this action is **REMANDED** to New York State Supreme Court, Saratoga County, in its entirety, without costs and expenses to either party; and it is further

**ORDERED** that the Clerk of this Court shall forward a certified copy of this Decision and Order to the Clerk of New York State Supreme Court, Saratoga County, and **CLOSE** this action.

Dated: March 31, 2016
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge